UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

CASE NO. 2:16-cv-00377-UA-CM

PATRICIA KENNEDY,

    Plaintiff,

v.

PUBLIX SUPER MARKETS, INC.,

    Defendant.

_____

**DEFENDANT PUBLIX SUPER MARKETS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to the Court's Order dated July 20, 2016 [ECF No. 17] and Local Rule 3.01, Defendant Publix Super Markets Inc. ("Publix"), through undersigned counsel, respectfully replies in support of its motion to dismiss Plaintiff Patricia Kennedy's ("Plaintiff's") ADA[1] Complaint with prejudice. First, Plaintiff's Opposition [ECF No. 18] does nothing to advance her allegation of standing for injunctive relief. Indeed, she concedes that her tester status is the only reason she travels more than 100 miles to visit the stores at the Shopping Center.[2] Her concession is fatal as standing for injunctive relief requires more than a mere desire to "test" a property for ADA compliance. Second, Plaintiff fails to recue her inadequately pled Complaint which is readily distinguishable from the caselaw cited in her Opposition. She simply cannot escape that her Complaint fails to provide any notice as to where, among the 7 tenant properties, the alleged barriers exist. In support of this Reply, Publix states as follows:

---

[1] The term "ADA" refers to the Americans with Disabilities Act, 42 U.S.C. §12181, *et. seq.*
[2] The term "Shopping Center" refers to the subject property located at 5781 Lee Boulevard, Suites 100-307, Lehigh Acres, Florida 33971.

I.  **Plaintiff's Over 100 Mile Distance from the Property and Lack of Ties to the Area Where the Shopping Center is Located Bars Her Standing for Injunctive Relief.**

There is no basis to confer standing upon Plaintiff to seek injunctive relief for alleged ADA violations at the Shopping Center.  Plaintiff attempts to liken herself to the plaintiff in *Houston v. Marod Supermarkets, Inc*. in an effort to craft her standing.  733 F. 3d 1323, 1336 (11th Cir. 2013).  Her superficial comparisons, however, are unavailing.  The plaintiff in *Houston* provided an independent reason for his travel to the property, albeit, that his counsel's office was located nearby.  *Id*. at 1336.  Here, Plaintiff claims no purpose – other than her tester status – to travel such a far distance to visit the Shopping Center.  *See* Plaintiff's Affidavit, ECF No. 15-1 at ¶¶ 3 and 8 (admitting that she visited the Shopping Center to ascertain its compliance with the ADA and that she plans to return to confirm the removal of alleged barriers).  She claims no business or professional ties to Lehigh Acres where the shopping center is located.  She alleges no familial connection to Lehigh Acres.  She does not claim to regularly visit Lehigh Acres for recreational purposes.  These omissions doom her Complaint as she must allege something more than her tester status to establish standing for injunctive relief.  *See Houston*, 773 F. 3d at 1336 (reasoning that an ADA tester had standing for injunctive relief because "he travels to the stores on a regular basis because his lawyer's offices are located there").

Accordingly, the Court should dismiss the Complaint with prejudice for lack of subject matter jurisdiction.

II. **Plaintiff Relies on Caselaw Which Only Serve to Highlight Her Failure to Provide Sufficient Notice of the Alleged Barriers.**

Additionally, the opinions cited by Plaintiff do nothing to bolster her inadequate allegations.  In fact, the complaints in those cases are readily distinguishable from the instant

Complaint. The ADA complaint in *McBay v. City of Decatur* involved a multi-facility recreational park. Yet, unlike Plaintiff's generic allegations, that complaint identified which areas of the park contained which alleged barriers. 5:11-cv-3273, 2014 WL 1513344 (N.D. Ala. Apr. 11, 2014) *and* Compl. D.E. 1 at ¶ 24(i), (ii) and (v). For example, the plaintiff alleged that, "[a]t the water park, the accessible route leading to the entrances from the parking spaces designated as accessible are too steep and do not have handrails"; the "ticket counters leading into the water park are too high for a wheelchair user"; and that "at the ice skating rink, the parking spaces designated as accessible are not on the shortest accessible route to the entrance." *Id*.

The complaint in *Lugo v. 141 NW 20th Street, LLC*, involved 8 separate buildings. Instead of lumping the buildings together the way Plaintiff has done with the tenant spaces, that complaint identified which alleged barriers existed at which of the 8 buildings. 878 F. Supp. 2d 1291 (S.D. Fla. June 29, 2012) *and* Compl. D.E. 1 at ¶¶ 13, 20 and 27. The complaint also referenced specific sections of the ADA 2010 Standards that were allegedly violated. *Id*. The instant Complaint fails to reference the specific sections of the 1991 or 2010 Standards that purportedly apply to the alleged barriers.

As to *Mortland v. Northlake Mall, LLC* and *Petinsky v N&D Holding, Inc.*, the allegations in those complaints primarily focus on the common parking areas of those shopping centers. No. 1:13-CV-1151, 2013 WL 6881694 (Dec. 31, 2013) *and* Compl. D.E. 1; *see also* No. 13-22438, 2013 WL 6511738 (S.D. Fla. Dec. 12, 2013) *and* Compl. D.E. 1. In this case, the Complaint not only alleges barriers at the parking lot, but also alleges interior barriers (*e.g.*, restrooms, tables, seating, and transaction counters) without identifying where they exist. Furthermore, the Amended Complaint in *Mortland* provided more notice than the instant

Complaint in that it specified that the alleged inaccessible telephones were "at the Food court location" and referenced specific sections of the 2010 Standards. *See* A. Compl. DE 7 at ¶ 10. Here, the Complaint does not distinguish among the 7 tenants or provide any indication as to which alleged barrier(s) exist at which tenant space(s). It also only provides general reference to the ADA accessibility standards..

Accordingly, the Court should dismiss the Complaint for failure to state a cause of action or, in the alternative, require a more definite statement.

Dated:  July 27, 2016

Respectfully submitted,

**K&L GATES LLP**
Southeast Financial Center – Suite 3900
200 S. Biscayne Boulevard
Miami, Florida 33131
Tel: (305) 539-3300
Fax: (305) 358-7095

By:   /s/  *Stephanie N. Moot*
CAROL C. LUMPKIN
Florida Bar No. 797448
carol.lumpkin@klgates.com
STEPHANIE N. MOOT
Florida Bar No.  30377
stephanie.moot@klgates.com
Robert S. Hogue
Florida Bar No. 0091155
shawn.hogue@klgates.com

*Counsel for Defendant Publix Super Markets, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 27th day of June 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel or parties on the attached service list.

## SERVICE LIST
## CASE NO.  2:16-cv-00377-UA-CM

**Thomas B. Bacon P.A.**
Thomas B. Bacon, Esq.
Jeannette Albo, Esq.
944 S.W. 69th Ct.
Miami, FL 33156
Telephone: (305) 502-4593
Email:    jalbo@bellsouth.net
             tbb@thomasbaconlaw.com

*Counsel for Plaintiff*


                                                      __/s/ *Stephanie N. Moot*_____
                                                           STEPHANIE N. MOOT