```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

PAT KENNEDY, individually,

       Plaintiff,

v.                                        Case No: 2:16-cv-377-FtM-99CM

PUBLIX SUPER MARKETS, INC.,
a Florida corporation,

       Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant Publix Super Markets, Inc.'s Motion to Dismiss Complaint With Prejudice (Doc. #12) filed on July 1, 2016. Plaintiff filed a response (Doc. #15), and the parties filed a reply (Doc. #20) and sur-reply (Doc. #22). Plaintiff also filed an Affidavit (Doc. #18-1) and Statement (Doc. #18-1) in further support of her opposition, as well as a notice of supplemental authority (Doc. #23). For the reasons set forth below, the motion is granted in part and denied in part.

**I.**

On May 18, 2016, plaintiff Pat Kennedy (plaintiff or Kennedy) filed a Complaint alleging violations of Title III of the Americans with Disabilities Act (ADA). (Doc. #1.) As alleged in plaintiff's Complaint, Kennedy, a resident of Broward County, Florida, is disabled as defined by the ADA and uses a wheelchair

for mobility purposes.  (Id. at ¶ 1.)  On April 19, 2016, Kennedy visited the Crossroads shopping center in Lee County, Florida and encountered barriers to access at various businesses within the shopping center.[1]  (Id. at ¶ 8.)  Plaintiff alleges that her access and/or full and equal enjoyment of the goods and services offered by the businesses at the Crossroads was denied and/or limited because of her disabilities and will be denied and/or limited in the future unless the barriers to access found on the premises are removed.  (Id. at ¶¶ 12-13.)  Plaintiff states that she is a frequent visitor to the areas where defendant's property is located and intends to visit the premises in the near future to avail herself of the goods and services offered at the property and to determine whether the property is ADA compliant.  (Id. at ¶ 8.)  The specific barriers to access encountered in the common area and at certain tenant spaces of the shopping center are listed in paragraph 7 of the Complaint.

Defendant asserts two bases for its motion to dismiss: a lack of subject-matter jurisdiction due to plaintiff's lack of standing to seek an injunction, brought pursuant to Fed. R. Civ. P.

---

[1] Defendant Publix Super Markets, Inc. owns and leases spaces at the Crossroads shopping center.  (Doc. #1, ¶ 2.)  Plaintiff alleges that she visited tenant spaces China Garden, Il Primo, La Michoacana, Nail Art, Subway, Wayback Burger, and Steel Magnolias Salon and encountered ADA violations.  (Id. at ¶ 7.)

12(b)(1), and failure to state a claim, brought pursuant to Fed. R. Civ. P. 12(b)(6). The Court agrees in part.

## II.

It is a fundamental principle that federal-court jurisdiction is limited to actual cases or controversies. The "irreducible constitutional minimum" of standing consists of three elements: Plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016). "[A] plaintiff must demonstrate standing separately for each form of relief sought." DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006). When an injunction is sought, the moving party must also show a continuing threat of injury:

> To seek injunctive relief, a plaintiff must show that he is under threat of suffering "injury in fact" that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury. Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 180–181, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000).

Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009). See also Houston v. Marod Supermarkets, Inc., 733 F.3d 1323, 1335-36 (11th Cir. 2013); Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001);

Wooden v. Bd. of Regents of the Univ. Sys. of Ga., 247 F.3d 1262, 1283 (11th Cir. 2001). The party invoking federal jurisdiction bears the burden of establishing these elements. Spokeo, 136 S. Ct. at 1547. Where a case is at the pleading stage, the plaintiff must "clearly . . . allege facts demonstrating" each element. Id.

After considering all the material submitted by the parties as to the factual challenge to plaintiff's standing, the Court concludes that plaintiff has clearly demonstrated her standing as a "tester." Havens Realty Corp. v. Coleman, 455 U.S. 363 (1982); Houston, 733 F.3d at 1336. See also Kennedy v. Publix Super Markets, Inc., Case No: 2:16-cv-311-FtM-38CM (Doc. #35). Court files establish that this mobility-impaired resident of Broward County, Florida has found her way into the Middle District of Florida on numerous occasions, and has filed at least 168 federal lawsuits in the Middle District of Florida alleging discrimination under the Americans with Disabilities Act over the last 10 years. Plaintiff has filed at least 107 federal lawsuits in the Fort Myers Division of the Middle District of Florida alone. The motion to dismiss for a lack of standing is denied.

### III.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

Here, defendant argues that paragraph 7 of plaintiff's Complaint is deficient because it does not sufficiently identify where in the shopping center the barriers and ADA violations were encountered, and fails to identify the nature of the alleged barriers. (Doc. #12, pp. 9-10.) The Court finds that the ADA claim, even when limited to the common areas and the seven tenant spaces identified as having been visited by plaintiff (Doc. #1, ¶7), fails to adequately describe the "where" and "what" necessary for defendant to frame an answer. Therefore, plaintiff's Complaint will be dismissed without prejudice with leave to amend.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendant Publix Super Markets, Inc.'s Motion to Dismiss Complaint With Prejudice (Doc. #12) is **GRANTED in part and DENIED in part.** The motion is denied as to lack of standing and granted

for failure to state a claim.  Plaintiff's Complaint (Doc. #1) is dismissed without prejudice.

    2.   Plaintiff may file an Amended Complaint within **TWENTY-ONE (21) DAYS** in accordance with this Opinion and Order.

    **DONE and ORDERED** at Fort Myers, Florida, this ___13th___ day of December, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record