**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| PATRICIA KENNEDY, individually,<br><br>Plaintiff,<br><br>v.<br><br>PUBLIX SUPER MARKETS, INC., a Florida corporation,<br><br>Defendant.<br>_______________________________________/ | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 16-cv-377-UA-CM |

**AMENDED COMPLAINT**
(Injunctive and Other Relief Demanded)

Plaintiff, PATRICIA KENNEDY, individually, on her behalf and on behalf of all other individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant, PUBLIX SUPER MARKETS, INC., a Florida corporation (sometimes referred to as "Defendant"), for Injunctive and other Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff PATRICIA KENNEDY is a Florida resident, lives in Broward County Florida, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is unable to engage in the major life activity of walking. Instead, Plaintiff is bound to ambulate in a wheelchair and has limited use of her hands.

2. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The place of public accommodation that the Defendant owns, operates, leases or leases to is

known as Crossroads, 5781 Lee Blvd., Suites 100-307, Lehigh Acres, FL 33971 , and is located in the County of Lee.

3. Venue is properly located in the MIDDLE DISTRICT OF FLORIDA because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. As the owner, lessor, lessee, or operator of the subject premises, Defendant is required to comply with the ADA. To the extent the property, or portions thereof, existed prior to January 26, 1993 ("pre-existing facility"), the owner, lessor, lessee, or operator has been under a continuing obligation to remove architectural barriers at that property whose removal was readily achievable, as required by 42 U.S.C. Section 12182. To the extent that the property, or portions thereof, were constructed prior to January 26, 1993 ("newly constructed facility"), the owner, lessor, lessee, or operator was under an obligation to design and construct such facilities such that they are readily accessible to and usable by individuals with disabilities, as required by 42 U.S.C. Section 12183. To the extent that the facility, or portions thereof, were altered in a manner that affects or could affect its usability ("altered facilty"), the owner, lessor, lessee, or operator was under an obligation to make such alterations in such a manner that, to the maximum extent feasible, the altered portions are readily accessible to and usable by persons with disabilities.

6. Pursuant to 28 C.F.R. part 36.404, all newly constructed facilities were required to comply with the Standards For New Construction And Alterations, set forth in Appendix A to 28 C.F.R. part 36 ("ADAAG"). Pursuant to 28 C .F.R. part 36.404, all altered facilities were required to comply with the ADAAG to the maximum extent feasible. Pursuant to 28 C.F.R. part 36.304, all measures taken to comply with barrier removal requirements of 42 U.S.C. Section 12182 must also comply with the ADAAG to the maximum extent feasible. Failure to comply with these requirements constitutes a violation of the ADA.

7. The ADA violations that exist at Crossroads include, but are not limited to, the following barriers which Plaintiff encountered in the common area and at tenant spaces China Garden, Il Primo, La Michoacana, Nail Art, Subway, Wayback Burger, Steel Magnolias Salon:

| | |
|---|---|
| Women's Restroom inside IL Primo Pizza & Wings - Suite 307 | Permanent room identifying signage is mounted on the hinge side of the door. |
| | Maneuvering clearance on the push side is 43" wide for a parallel hinge approach.<br><br>Stall door maneuvering clearance on the pull side of the door is 2.5".<br><br>Accessible toilet compartment (stall) door is located in front of the water closet. |
| | Toilet compartment (stall) door does not provide pull handles on both sides of the door near the latch.<br><br>Stall doorway opening has a clear width of 31.75". |

| | |
|---|---|
| | Water closet side wall grab bar is mounted at 48" perpendicular from rear wall to centerline of its outer flange. |
| | Lavatory is mounted at 34.5" above the finished floor to top of rim. |
| | Lavatory mirror is mounted at 41.75" above the finished floor to bottom edge of its reflecting surface. |
| | Baby changing station is mounted at 36" above the finished floor to the top of the surface. |
| | Baby changing station pull handle is mounted at 52" above the finished floor. |
| | Coat hook is mounted beyond required reach allowed for approach provided and is mounted at 68" above the finished floor. |
| Nail Art & Co. - Suite 306 | Counter is mounted at 41.75" above the finished floor to the top. |
| | Fire extinguisher protrudes into walkway, projecting 5" from back wall, and is mounted at 35.5" above the finished floor to its bottom leading edge. |
| Unisex Restroom inside Nail Art & Co. - Suite 306 | Permanent room identifying signage does not have Braille or raised characters and is mounted over the door frame.<br><br>Store item encroaches over maneuvering clearance on the pull side of the door. Failing to maintain the door clear of obstructions. |
| | Furniture encroaches over the water closet clearance. Failing to maintain the water closet clear floor space. |

| | |
|---|---|
| | Paper towel dispenser is mounted beyond required reach allowed for approach provided and is mounted at 55.5" above the finished floor. |
| | Pedestal is encroaching the lavatory knee clearance.<br><br>Lavatory mirror is mounted at 41" above the finished floor to bottom edge of its reflecting surface. |
| | Counter is mounted 46" above the finished floor to the top. |
| | Table does not provide the required knee clearance. |
| Unisex Restroom inside China Garden - Suite 303 | Furniture encroaches over maneuvering clearance on the pull side of the door. Failing to maintain the door clear of obstructions.<br><br>Trash bin encroaches over the water closet clearance. Failing to maintain the water closet clear floor space. |
| | Water closet is centered at 18.5" from side wall.<br><br>Trash bin encroaches over the paper towel dispenser clear floor space. Failing to maintain the paper towel dispenser clear floor space. |
| | Paper towel dispenser is mounted beyond required reach allowed for approach provided and is mounted at 58" above the finished floor. |
| | Lavatory mirror is mounted at 50.75" above the finished floor to bottom edge of its reflecting surface. |
| | Lavatory knee clearance is 26" above the finished floor to bottom leading edge of fixture. |

| | |
|---|---|
| Salon & Spa - Suite 302 | Counter is mounted at 41.5" above the finished floor to the top. |
| Unisex Restroom inside Salon & Spa - Suite 302 | Permanent room identifying signage is mounted on the door leaf.<br><br>Furniture encroaches over the water closet clearance. Failing to maintain the water closet clear floor space. |
| | Water closet is centered at 18.5" from side wall.<br><br>Toilet tissue dispenser is mounted on a self standing dispenser away from the water closet.<br><br>Lavatory mirror is mounted at 41.5" above the finished floor to bottom edge of its reflecting surface. |
| Jakes' s Wayback Burgers -<br>Women's Accessible Restroom inside Jakes' s Wayback Burgers - Suite 201 | Table does not provide the required knee clearance.<br><br>Maneuvering clearance on the push side of door is 46.5" wide for a parallel latch approach.<br><br>Water closet has a 24" long rear wall grab bar.<br><br>Water closet has a 36" long side wall grab bar. |
| | Soap dispenser is mounted beyond required reach allowed for approach provided and is mounted at 50.5" above the finished floor |
| | Lavatory mirror is mounted at 43.5" above the finished floor to bottom edge of its reflecting surface. |
| Accessible Route by Jakes' s Wayback Burgers - Suite 201 | Curb ramp has a 11.0% non-compliant running slope. |
| Subway - Suite 205 | Furniture encroaches passage width reducing it to 27". |
| Women's Accessible Restroom inside Subway – Suite 205 | Water closet flush control is toward the wall side. |

| | |
|---|---|
| | Water closet side wall grab bar is mounted at 12.5" perpendicular from rear wall to centerline of its inner flange.<br><br>Water closet has a 24" long rear wall grab bar. |
| | Lavatory knee clearance is 25.75" above the finished floor to bottom leading edge of fixture.<br><br>Soap dispenser is mounted beyond required reach allowed for approach provided and is mounted at 58" above the finished floor |
| | Paper towel dispenser is mounted beyond required reach allowed for approach provided and is mounted at 53" above the finished floor. |
| | Trash bin encroaches over the paper towel dispenser clear floor space. Failing to maintain the paper towel dispenser clear floor space. |
| Accessible Route by Salon & Spa - Suite 302 | Curb ramp has a 10.2% non-compliant running slope. |
| Accessible Route toward Public Right-of-Way | Curb ramp has a 5.2% non-compliant cross slope. |
| Ice Cream La Michoacana - Suite 207 | Counter is mounted 38" above the finished floor to the top. |
| | Table does not provide the required knee clearance.<br><br>Water closet is centered at 19.25" from side wall. |
| | Toilet tissue dispenser is mounted at 48.5" from rear wall to outer leading edge and 11.5" in front of the water closet to the centerline of the dispenser. |
| | Paper towel dispenser is mounted beyond required reach allowed for approach provided and is mounted at 49" above the finished floor. |
| | Trash bin encroaches over the paper towel dispenser clear floor space. Failing to maintain the paper towel dispenser clear floor space. |

8. Plaintiff is a frequent visitor of the area where Defendant's property is located. In the afternoons of May 19, 2016 and July 19, 2016, Plaintiff revisited the property and, as detailed in the preceding paragraph 7, encountered barriers at the subject property which discriminate against her on the basis of her disability. She plans to return to the property yet again to avail herself of the goods and services offered to the public at the property and to determine whether the property has been made ADA compliant.

9. In the alternative, Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

10. The violations present at Defendant's facility, create a hazard to Plaintiff's safety.

11. Plaintiff is continuously aware of the violations at Defendant's facility and is aware that it would be a futile gesture to return to the property as long as those violations exist unless she is willing to suffer additional discrimination.

12. The violations present at Defendant's facility infringe Plaintiff's right to travel free of discrimination. Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendant's facility. By continuing to operate a place of public accommodation with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at Defendant's facility, and knowing that it would be a futile gesture to return unless she is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the

same accommodations readily available to the general public and is deterred and discouraged from additional travel. By maintaining a public accommodation with violations, Defendant deprives plaintiff the equality of opportunity offered to the general public.

13. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.

14. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 7 of this Amended Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit Crossroads not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

15. The Defendant has discriminated against the Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 et seq.

16. The discriminatory violations described in paragraph 7 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the

discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

17. Defendant has discriminated against the Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

18. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

19. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive and other Relief, including an order to require the Defendant to alter Crossroads to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq..

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is

excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. All other remedies available under 42 U.S.C. Sections 12188 and 2000a-3(a) including but not limited to preventive relief, permanent or temporary injunction, restraining and other orders, as the Court deems just and proper.

Respectfully submitted,

Attorney for Plaintiff:

By:

Jeannette E. Albo, Esq.
Fla. Bar No. 0017736
*Of Counsel*
**Thomas B. Bacon, P.A.**
9444 S.W. 69th Ct.
Miami, FL 33156
ph. (305) 502-4593
jalbo@bellsouth.net

Thomas B. Bacon, Esq.
**Thomas B. Bacon, P.A.**
644 No. McDonald St.
Mt. Dora, FL 32757
Ph. 954-478-7811
tbb@thomasbaconlaw.com